UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>ABEL BELICE,<br>   DEBTOR. | Chapter 7<br>Case No. 08-11927-WCH |
| SANDON GONSALVES,<br>   PLAINTIFF,<br>v.<br>ABEL BELICE,<br>   DEFENDANT. | Adversary Proceeding<br>No. 09-1241 |

### MEMORANDUM OF DECISION

The matter before the Court is the "Motion for Relief From Judgment" filed by the plaintiff Sandon Gonsalves ("Gonsalves") through which he seeks relief from my order dated June 16, 2011 (the "Order"), granting the "Motion to Dismiss Under Rule 12b(6) [sic] Failure to State a Claim Under Which Relief Can Be Granted" (the "Motion to Dismiss") filed by the debtor-defendant Abel Belice ("Belice"). Gonsalves took a timely appeal of the Order to the United States Bankruptcy Appellate Panel for the First Circuit (the "Panel"), which remains pending, but he secured a stay of that proceeding in order to seek relief here under Fed. R. Civ. P. 60(a) and (b)(1).[1] While the filing of a notice of appeal normally divests me of jurisdiction to proceed further with matters involved in the appeal,[2] the United States Court of Appeals for the First Circuit has articulated a narrow exception which requires me to review motions filed under

---

[1] Fed. R. Civ. P. 60 is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024.

[2] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

1

Fed. R. Civ. P. 60(b) "and quickly deny those which appear to be without merit" or "issue a brief memorandum . . . indicating" if I am "inclined to grant the motion . . . ."[3] Similarly, a "mistake" under Fed. R. Civ. P. 60(a) may only be corrected with the appellate court's leave.[4]

In support of the Motion for Relief From Judgment, Gonsalves asserts that I was unaware that he filed an opposition to the Motion to Dismiss and failed to consider it prior to granting the Motion to Dismiss. Although it appears from the transcript that he is correct, I find that this error was harmless because he did not address the Motion to Dismiss in his opposition, but rather challenged the Panel's affirmance of my dismissal of his revocation of discharge claim.[5]

Nevertheless, on further review, I find that granting the Motion to Dismiss was error because the date Gonsalves alleged that he first received notice of Belice's bankruptcy preceded expiration of the deadline to file proofs of claim. Unfortunately, I am unable to grant Gonsalves any relief. Only a "clerical mistake or a mistake arising from oversight or omission"[6] may be corrected by this Court under Fed. R. Civ. P. 60(a), not a legal one.[7] Moreover, the First Circuit has held that Fed. R. Civ. P. 60(b)(1), which provides for relief from "mistake, inadvertence, surprise, or excusable neglect,"[8] does not apply to an error of law because it would undermine the stricter requirements set forth in Fed. R. Civ. P. 59(e).[9] Gonsalves is not without recourse,

---

[3] *Com. of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979).

[4] Fed. R. Civ. P. 60(a).

[5] *See Gonsalves v. Belice*, BAP No. MB 10-030, slip op. at 2-5 (B.A.P. 1st Cir. Mar. 7, 2011).

[6] Fed. R. Civ. P. 60(a).

[7] *See, e.g., Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498 (2d Cir. 2007); *Jones v. Anderson-Tully Co.*, 722 F.2d 211 (5th Cir. 1984); *Bershad v. McDonough*, 469 F.2d 1333 (7th Cir. 1972).

[8] Fed. R. Civ. P. 60(b)(1).

[9] *Silk v. Sandoval*, 435 F.2d 1266, 1267-1268 (1st Cir. 1971). *See* Fed. R. Civ. P. 59, generally made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023.

2

however, as he took a timely appeal of the Order and the Panel is capable of affording him the relief he seeks, namely, the reversal of the Order.

In light of the foregoing, I must enter an order denying the Motion for Relief From Judgment and leave the Panel to redress the error committed in entering the Order.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: February 10, 2012

Counsel Appearing:

    Patrick A. Lee, Mendoza & Associates, Boston, MA,
        for Abel Belice
    Sandon Gonsalves, *pro se*